| | |
|---|---|
| JOHN THOMAS JONES, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| JANE DOE, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1]. Also pending is Plaintiff's Amended Motion to Appoint Counsel [Doc. 3; as amended, Doc. 10]. Plaintiff is proceeding *in forma pauperis*. [See Doc. 9].

**I.    BACKGROUND**

*Pro se* incarcerated Plaintiff[1] filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Lanesboro Correctional Institution. Plaintiff names as Defendants the following Lanesboro C.I. employees: Jane Doe, the head nurse; FNU Mills, a correctional sergeant; FNU Burke, a correctional officer; John Doe, the

---

[1] Plaintiff presently resides at the Maury Correctional Institution.

captain in charge of the prison's nighttime operations; and Gregory D. Haynes, a medical doctor. [Doc. 1 at 1].

The following is a summary of the allegations in Plaintiff's Complaint. Plaintiff broke his ankle on September 6, 2017. Other inmates helped carry Plaintiff to Defendant Mills' office where he stated his ankle was broken and declared a medical emergency. Defendant Mills ordered Plaintiff to go back to his housing block and said that she would call a nurse. Plaintiff alleges that Defendant Burke then came to the housing area, gave Plaintiff a sick call form, and said that Plaintiff would have to go through the regular sick call process, which could take up to two weeks due to a shortage of officers and medical staff. Defendant Burke also stated that Defendant Mills had spoken to Jane Doe head nurse, who refused to see Plaintiff at all. At this point, Plaintiff's ankle had swollen to three times its normal size, was black and blue, and was unbearably painful.

Plaintiff alleges that several inmates escorted Plaintiff down a hallway to seek emergency treatment. The officer in charge, Defendant John Doe, had been informed of Plaintiff's arrival by Defendant Mills. Doe stopped Plaintiff, placed him in handcuffs, and took him to the solitary confinement

unit in a wheelchair. [Doc. 1 at 4]. Plaintiff alleges that a nurse[2] came to screen Plaintiff pursuant to policy that requires a medical assessment before an inmate is placed in solitary confinement. Plaintiff told the nurse what had happened, and she saw the condition of his ankle, yet she did not send him to the hospital. Plaintiff was placed in a solitary confinement cell where he suffered physical and mental pain.

Plaintiff alleges that he received an x-ray the next day, which revealed that his ankle was indeed broken. Plaintiff alleges that Defendant Haynes did not send Plaintiff to the hospital for emergency medical treatment or provide a cast. Plaintiff continued to complain of pain for which he was treated with a "very low dose of pain meds" every eight hours. [Doc. 1 at 4]. Plaintiff alleges that he was finally sent to a specialist four weeks later. An MRI revealed that Plaintiff's ankle was broken and that his ligaments had been torn from the bone.

Plaintiff seeks a declaratory judgment, as well as compensatory and punitive damages.

---

[2] It is unclear whether the nurse in this section is Defendant Jane Doe. If this nurse is a different individual, the claims against her cannot proceed at this time because she has not been named as a defendant. See Fed. R. Civ. P. 10(a) (defendants must be named in the caption); Londeree v. Crutchfield Corp., 68 F.Supp.2d 718 (W.D. Va. Sept. 29, 1999) (granting motion to dismiss for individuals who were not named as defendants in the complaint but who were served).

3

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis,* the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments" and protects prisoner from the "unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)). To state a claim for deliberate indifference to a serious medical need, a plaintiff must show that he had serious medical needs and that the defendant acted with deliberate indifference to those needs. Heyer v. United States Bureau of Prisons, 849 F.3d 202, 210 (4th Cir. 2017) (citing Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008)). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko, 535 F.3d at 241 (internal quotation marks omitted). To constitute deliberate indifference to a serious medical need, "the treatment [a prisoner receives] must be so grossly incompetent, inadequate, or excessive to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn,

5

896 F.2d 848, 851 (4th Cir. 1990), *overruled on other grounds by* <u>Farmer</u>, 511 U.S. at 825.

Plaintiff has plausibly alleged that Defendants were deliberately indifferent to a serious medical need and the Complaint appears to be timely filed. Accordingly, the Complaint will pass initial review. Plaintiff will be required to identify Defendants John Doe and Jane Doe, at the latest, by the deadline for adding parties and filing motions to amend, which will be established in a future order. <u>See</u> <u>also</u> Fed. R. Civ. P. 4(m).

Plaintiff's Amended Motion to Appoint Counsel will be denied as moot insofar as Plaintiff will be granted the opportunity to seek assistance from North Carolina Prisoner Legal Services pursuant to the Standing Order in Misc. Case No. 3:19-mc-00060-FDW.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that the Complaint has passed initial review on Plaintiff's claim of deliberate indifference to a serious medical need.

This Court's Local Rule 4.3 sets forth the procedure to waive service of process for current or former employees of NCDPS in actions filed by North Carolina State prisoners. In light of the Court's determination that this case passes initial review, the Court will order the Clerk of Court to

6

Case 3:20-cv-00286-MR   Document 11   Filed 10/20/20   Page 6 of 7

commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants Burke, Mills, Haynes, John Doe captain in charge, and Jane Doe head nurse, who are alleged to be current or former employees of NCDPS.

**IT IS, THEREFORE, ORDERED** that the Complaint [Doc. 1] has passed initial review.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel [Doc. 3] and Amended Motion to Appoint Counsel [Doc. 10] are **DENIED AS MOOT**.

The Clerk of Court is hereby directed to commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants Burke, Mills, Haynes, John Doe captain in charge, and Jane Doe head nurse, who are alleged to be current or former employees of NCDPS. The Clerk is further direct to mail Plaintiff an Opt-In/ Opt-Out form pursuant to the Standing Order in Misc. Case No. 3:19-mc-00060-FDW.

**IT IS SO ORDERED.**

Signed: October 19, 2020

Martin Reidinger
Chief United States District Judge