IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:20-cv-00286-MR

| | |
|---|---|
| JOHN THOMAS JONES, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **MEMORANDUM OF** |
| TONI SELLERS HAIRE, et al., ) | **DECISION AND ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on Defendant Gregory Haynes' Motion to Dismiss [Doc. 30] and on *sua sponte* review of the docket.

**I.     BACKGROUND**

The incarcerated *pro se* Plaintiff filed this action pursuant to 42 U.S.C. § 1983 for the allegedly deficient medical care he received for a broken ankle at the Lanesboro Correctional Institution ("Lanesboro C.I."). The Complaint passed initial review on claims that the following Lanesboro C.I. employees were deliberately indifferent to a serious medical need: Alvin R. Burke,[1] a correctional officer; Natalie Snipes Mills,[2] a correctional sergeant; Gregory

---

[1] "FNU Burke" in the Complaint.

[2] "FNU Mills" in the Complaint.

Haynes, a medical doctor; Randy Mullis,[3] a correctional captain; and Toni Sellers Haire,[4] the head nurse. The Plaintiff seeks declaratory judgment as well as compensatory and punitive damages.

Defendant Haynes has now filed a Motion to Dismiss arguing that the Plaintiff has failed to state a claim of deliberate indifference to a serious medical need and that the claims against him should be dismissed with prejudice. [Doc. 30-1]. The Plaintiff was informed of his right to respond to the Motion to Dismiss pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). [Doc. 33]. The Plaintiff filed a Response [Doc. 34], and Defendant Haynes filed a Reply. [Doc. 36].

## II. STANDARD OF REVIEW

In a motion made pursuant to Rule 12(b)(6), the central issue is whether the complaint states a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In that context, the court accepts the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. See Nemet Chevrolet, Ltd. v.

---

[3] "John Doe OIC Captain" in the Complaint.

[4] "Jane Doe head nurse" in the Complaint.

Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 192.

The court is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement…." Consumeraffairs.com, 591 F.3d at 255; see Giacomelli, 588 F.3d at 192. That is, while "detailed factual allegations" are not required, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); accord Twombly, 50 U.S. at 570. In short, the well-pled factual allegations must move a plaintiff's claim from conceivable to plausible. Twombly, 550 U.S. at 570; Consumeraffairs.com, 591 F.3d at 256.

### III. FACTUAL BACKGROUND

Viewing the well-pled factual allegations of the Complaint as true, the following is a recitation of the relevant facts.

The Plaintiff broke his ankle at Lanesboro C.I. on September 6, 2017. Other inmates helped carry the Plaintiff to Defendant Mills' office. Once

3

Case 3:20-cv-00286-MR Document 39 Filed 04/15/21 Page 3 of 10

there, the Plaintiff informed Defendant Mills that his ankle was broken, and the Plaintiff "declared a medical emergency for his serious medical need." [Doc. 1 at 3].

Defendant Mills ordered the Plaintiff to go back to his housing block and said that she would call a nurse. Defendant Burke then came to the housing area, gave Plaintiff a sick call form, and said that the Plaintiff would have to go through the regular sick call process, which could take up to two weeks due to a shortage of officers and medical staff. Defendant Burke also told the Plaintiff that the head nurse, Defendant Haire, had advised Defendant Mills that she refused to see the Plaintiff at all. At this point, the Plaintiff's ankle had swollen to three times its normal size, was black and blue, and was unbearably painful. [Id.].

The Plaintiff alleges that several inmates escorted him to seek emergency treatment. The officer in charge, Defendant Mullis, stopped the Plaintiff, placed him in handcuffs, and took him to the solitary confinement unit in a wheelchair. The Plaintiff alleges that a nurse came to screen him pursuant to policy that requires a medical assessment before an inmate is placed in solitary confinement. The Plaintiff told the nurse what had happened and she saw the condition of his ankle, yet she did not send him

4

to the hospital. The Plaintiff was placed in a solitary confinement cell where he suffered physical and mental pain. [Id. at 4].

The Plaintiff alleges that he received an x-ray the next day, which revealed that his ankle was indeed broken. The Plaintiff alleges that Defendant Haynes failed to send Plaintiff to the hospital for emergency medical treatment or provide a cast. The Plaintiff continued to complain of pain for which he was treated with a "very low dose of pain meds" every eight hours. [Id.]. The Plaintiff alleges that he was finally sent to a specialist four weeks later. An MRI revealed that Plaintiff's ankle was broken and that his ligaments had been torn from the bone. [Id. at 5].

## IV. DISCUSSION

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir.

5

2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), *overruled on other grounds by* Farmer v. Brennan, 511 U.S. 825, 840 (1994).

Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837; Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), *aff'd*, 535 F.2d 1250 (4th Cir. 1976).

The Plaintiff has failed to state a deliberate indifference claim against Defendant Haynes by setting forth factual allegations describing how

6

Defendant Haynes, as the medical doctor on staff at Lanesboro, was deliberately indifferent to a serious medical need. The Plaintiff fails to allege when Defendant Haynes learned of the Plaintiff's injury or to explain how any alleged delay in treatment is attributable to Defendant Haynes' deliberate indifference to his medical condition. The Plaintiff's attempt to hold Defendant Haynes liable for the nurses' failure to provide him with care on the day he was injured is insufficient to state a § 1983 claim. See generally Wilcox v. Brown, 877 F.3d 161, 170 (4th Cir. 2017) ("the doctrine of *respondeat superior* has no application under [§ 1983].") (quoting Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977)). Further, the Plaintiff's disagreement with the course of care, including the decision not to send him to the hospital immediately, is insufficient to state a deliberate indifference claim. See Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (disagreement between an inmate and a physician over the inmate's proper medical care falls short of showing deliberate indifference). The allegations suggest, at most, negligent misdiagnosis and/or treatment, which falls short of an Eighth Amendment violation.[5] Accordingly, Defendant Haynes' Motion to Dismiss is granted and the Plaintiff's claims against him are dismissed with prejudice.

---

[5] The Plaintiff states in his Response to the Motion to Dismiss that he is not asserting a medical negligence claim, but rather, is basing liability on Defendant Haynes' deliberate acts. [Doc. 34 at 5]. The Court addresses negligence for the sake of completeness. The

7

## V. SERVICE OF PROCESS

The Court will address service of process *sua sponte.*

The Federal Rules of Civil Procedure allows a court to dismiss *sua sponte* unserved defendants after 90 days following the filing of the complaint. Fed. R. Civ. P. 4(m); see also Fed. R. Civ. P. 6(b)(1)(B) (when an act must be done within a specified time, a court may, for good cause, extend that time on motion made after the time has expired if the party failed to act because of excusable neglect). This period is tolled until frivolity review is complete and the district court authorizes service. See Robinson v. Clipse, 602 F.3d 605 (4th Cir. 2010).

The Complaint passed initial review on October 20, 2020, and the Court commenced the procedure for waiving service of process with the North Carolina Department of Public Safety ("NCDPS") that same day. [Docs. 11, 12]. NCDPS was unable to waive service for Defendant Haire. [Doc. 20]. The Court accordingly ordered the U.S. Marshals Service ("USMS") to use all reasonable efforts to locate and serve Defendant Haire

---

Court further notes that, even if the Plaintiff had attempted to state a medical negligence claim, it would be subject to dismissal for Plaintiff's failure to comply with the North Carolina's certification requirement. N.C. Gen. Stat. § 1A-1, Rule 9(j); see, e.g., Jasmaine v. Haynes, 2020 WL 4584248, at *6 (W.D.N.C. Aug. 10, 2020) (noting that "[f]ailure to comply with Rule 9(j) is ground for dismissal of a state medical malpractice claim filed in federal court"); Estate of Williams–Moore v. Alliance One Receivables Mgmt. Inc., 335 F.Supp.2d 636, 649 (M.D.N.C. 2004) (dismissing North Carolina medical malpractice/wrongful death claims for failure to comply with Rule 9(j)).

8

on January 6, 2021. [Doc. 24]. On March 10, 2021, USMS returned the summons for Defendant Haire as unexecuted, stating "unable to deliver as addressed. No forward." [Doc. 28 at 1].

More than 90 days have elapsed since the Court completed its frivolity review of the Complaint and authorized service on Defendant Haire, and she has not been served. The Plaintiff is Ordered to file a Response within 14 days of this Order showing cause why Defendant Haire should not be dismissed from this action pursuant to Rule 4(m). The Plaintiff is cautioned that failure to timely comply with this Order will likely result in the dismissal of Defendant Haire from this case without prejudice and without further notice.

## O R D E R

**IT IS, THEREFORE, ORDERED** that Defendant Haynes' Motion to Dismiss [Doc. 30] is **GRANTED**, and the Plaintiff's claims against Defendant Haynes are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Plaintiff shall, within **fourteen (14) days** of this Order, file a Response showing cause why Defendant Haire should not be dismissed from this action. Failure to timely comply with this Order will likely result in dismissal of Defendant Haire from this action without prejudice.

**IT IS SO ORDERED.** Signed: April 15, 2021

_____
Martin Reidinger
Chief United States District Judge