# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:20-cv-00286-MR

| | |
|---|---|
| **JOHN THOMAS JONES, III,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| **TONI SELLERS HAIRE, et al.,** ) | **ORDER** |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on *pro se* Plaintiff's "Objection to Defendant Natalie Mills' Amended Answer" [Doc. 50]; Defendant Natalie Snipes Mills' Motion to Strike Plaintiff's Response [Doc. 51]; Plaintiff's Motion to Dismiss Defendants' Motion to Strike [Doc. 57]; Plaintiff's Motions to Compel Discovery[1] [Docs. 53, 61]; and Plaintiff's Motion to Issue a Deposition Subpoena and Obtain Permission for Inmate Deposition [Doc. 55].

The incarcerated Plaintiff filed this action pursuant to 42 U.S.C. § 1983 for allegedly deficient medical care he received at the Lanesboro Correctional Institution for a broken ankle. [Doc. 1]. The Complaint passed

---

[1] Titled "Motion to Compel Production of Documents and Video Footage" and "Motion to Compel Interrogatories Response from Defendants," respectively.

initial review on claims against several Defendants for deliberate indifference to a serious medical need.[2] [Doc. 39].

An executed summons reflects that Defendant Natalie Snipes Mills was served on January 19, 2021, making her answer due by March 22, 2021. [Doc. 37]. She filed a *pro se* Answer on February 9, 2021 [Doc. 28] and counsel filed an Amended Answer on her behalf on May 20, 2021 [Doc. 41].

The Plaintiff has filed an "Objection to Defendant Natalie Mills' Amended Answer" [Doc. 50] that the Defendants have moved to strike because it is not a pleading permitted by Rule 7(a) [Doc. 51]. The Plaintiff, in turn, seeks to dismiss the Defendants' Motion to Strike. [Doc. 57].

The Plaintiff's Objection [Docs. 50] will be liberally construed as a Motion to Strike the Amended Answer. See generally Erickson v. Pardus, 551 U.S. 89, 94 (2007) (instructing courts to construe *pro se* documents liberally). Because motions are permitted by Rule 7(b), the Defendants' Motion to Strike the Objection [Doc. 51] is denied, and the Plaintiff's Motion to Dismiss the Defendants' Motion to Strike [Doc. 57] is denied as moot.

The Plaintiff argues in his Motion to Strike that the Amended Answer is untimely, and is unauthorized because the Plaintiff has not filed an

---

[2] Defendant Haynes' Motion to Dismiss was granted [Doc. 39], and Defendant Haire was dismissed from the action for lack of service [Doc. 43].

2

amended complaint.  Pursuant to Rule 15(a), a party may amend its pleading before trial with leave of the court, and "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Under this principle, absent "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," leave should be freely given "as the rules require."  Foman v. Davis, 371 U.S. 178, 182 (1962).  Courts should therefore "focus on prejudice or futility or bad faith as the only legitimate concerns in denying leave to amend."  Island Creek Coal Co. v. Lake Shore, Inc., 832 F.2d 274, 279 (4th Cir. 1987).  "[D]elay alone is not sufficient reason to deny leave to amend."  Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986).

Defendants' delay is an inadequate basis to disallow the Amended Answer under Rule 15.  Johnson, 785 F.2d at 509.  Nor is there any requirement that an amended complaint must be filed before an amended answer is allowed.  See generally Fed. R. Civ. P. 15.  Accordingly, the Plaintiff's Motion to Strike the Amended Answer is denied.

Next, the Plaintiff has filed two Motions to Compel.  In the first Motion, the Plaintiff seeks to compel production of documents and video.  [Doc. 53;

3

see Doc. 54 (Request for Production of Documents)]. The Plaintiff claims that the Defendants failed to provide a number of documents, including investigation reports, incident reports, phone logs, and medical logs; video of an incident in a hallway; and health care policy pertaining to officers with regard to emergency health. The Plaintiff alleges that North Carolina Department of Public Safety ("NCDPS") policy requires incidents to be documented and video footage to be preserved, and there is no reason for the Defendants to have failed to do so unless they are trying to "cover the Plaintiff's incident up." [Doc. 53 at 3]. In the second Motion [Doc. 61], the Plaintiff argues that Defendants Mills, Mullis, and Burke failed to respond, within 30 days, to interrogatories he sent them on September 13, 2021.[3]

The Defendants have filed a Response [Doc. 59] to the first Motion to Compel, arguing that: the Plaintiff failed to comply with Rule 37(a)(1) before filing his Motion to Compel; Defendants fully and reasonably responded to each of the Plaintiff's production requests; and the Plaintiff's dissatisfaction with the discovery responses is not a proper basis for a motion to compel. Attached to the Response are documents indicating that the Defendants searched for, and were unable to locate, an incident report, video footage,

---

[3] Although the Motion refers to "enclosed interrogatories," no such document was received by the Court. [Doc. 61 at 1].

or phone records in response to the Plaintiff's requests. [Doc. 59-1; Doc. 59-2 at 1-3]. The Defendants did not respond to the second Motion to Compel, and the time to do so has expired.

The Plaintiff does not certify, in either of the Motions to Compel, that he attempted in good faith to resolve the discovery disputes before engaging the Court's assistance. The lack of certification alone warrants the denial of both Motions. Fed. R. Civ. P. 37(a)(1); see also LCvR 7.1(b) (a non-dispositive civil motion "must show that counsel have conferred and attempted in good faith to resolve areas of disagreement or describe the timely attempts of the movant to confer with opposing counsel;" motions that fail to do so "may be summarily denied."). Further, with regard to the first Motion to Compel, the Defendants have demonstrated that they attempted to comply with the Plaintiff's discovery requests and were unable to locate responsive documents and video. The Court cannot compel the Defendants to produce documents and video footage that does not exist. The Motions to Compel are therefore denied.

In the Motion to Issue a Deposition Subpoena and Obtain Permission for Inmate Deposition, Plaintiff asks to depose the "unknown doctor" who performed surgery on his ankle because "Plaintiff feels that a lot of questions

5

would be answered." [Doc. 55 at 1]. He also seeks permission to obtain a declaration from inmate Jeffrey Collins.

The Plaintiff's request to depose the doctor who performed surgery on his ankle is premature because he has not yet learned that individual's name through discovery. [Doc. 55 at 1]. Further, the Plaintiff has failed to show that he can afford to pay the costs of deposing the doctor; the fact that the Plaintiff is proceeding *in forma pauperis* does not excuse him from bearing his own litigation expenses. See United States v. MacCollum, 426 U.S. 317, 321 (1976) ("expenditure of public funds [on behalf of indigent litigants] is proper only when authorized by Congress."); Pickens v. Lewis, 2017 WL 2198342, at *2 (W.D.N.C. May 18, 2017) (noting that 28 U.S.C. § 1915 does not authorize payment of litigation expenses and, "[o]rdinarily, the plaintiff must bear the costs of his litigation ... even in *pro se* cases."). Accordingly, the request for a subpoena to depose the doctor is denied at this time.

The Plaintiff also seeks to obtain a written statement from another inmate. NCDPS generally prohibits correspondence between inmates due to security concerns. See generally Turner v. Safley, 482 U.S. 78, 89 (1987); NCDPS Policy & Procedure, Offender Use of the Mail D.0309(a)(1), (d) (issued Oct. 13, 2021). The Plaintiff's request to seek a statement from another inmate is too vague to support relief in that he fails to explain the

6

Case 3:20-cv-00286-MR   Document 63   Filed 11/18/21   Page 6 of 7

relevance of inmate Collins' statement to his case. Nor does the Plaintiff assert that he has requested permission for the correspondence through the procedure set forth in the NCDPS Policy & Procedure or attempted to resolve the matter with defense counsel. See NCDPS Policy & Procedure, Offender Use of the Mail D.0309(a)(1); LCvR 7.1(b). The Plaintiff's request to obtain a written statement from inmate Collins is therefore denied at this time.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's "Objection to Defendant Natalie Mills' Amended Answer" [Doc. 50] is construed as Motion to Strike the Amended Answer and is **DENIED**.

2. Defendant Natalie Snipes Mills' Motion to Strike Plaintiff's Response [Doc. 51] is **DENIED**.

3. Plaintiff's Motion to Dismiss Defendants' Motion to Strike [Doc. 57] is **DENIED**.

4. Plaintiff's Motions to Compel [Docs. 53, 61] are **DENIED**.

5. Plaintiff's Motion to Issue a Deposition Subpoena and Obtain Permission for Inmate Deposition [Doc. 55] is **DENIED**.

**IT IS SO ORDERED.**    Signed: November 18, 2021

Martin Reidinger
Chief United States District Judge